IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM VALLEJO,

                Plaintiff,              OPINION AND ORDER

v.

                                        20-cv-545-wmc

TRANS UNION, LLC,

                Defendant.

---

In this case, plaintiff William Vallejo filed suit under the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, but now seeks a transfer to the Eastern District of Pennsylvania, arguing that it is the more convenient forum and transfer would be in the interest of justice. (Dkt. #27.) Naturally, defendant Trans Union, LLC, objects to the transfer.

BACKGROUND

The present lawsuit was originally filed in this court on June 15, 2020, against defendants Trans Union and Great Lakes Educational Loan Services, Inc. ("GLELSI"). (*Id.*) On October 15, 2020, both defendants submitted their answers, although Trans Union also moved for judgment on the pleadings.[1] Four months after filing suit in this court, however, plaintiff moved to transfer the case to the Eastern District of Pennsylvania. (Dkt. #27.)[2] Subsequently, GLELSI was dismissed as a defendant by stipulation. (Dkt.

---

[1] Trans Union had initially moved to dismiss plaintiff's complaint, but later filed an answer and converted its motion to dismiss into a motion for judgment on the pleadings. (*See* dkts. #12, 16, 17.)

[2] Plaintiff's initial motion to transfer was filed on October 23, 2020. (Dkt. #23.) Plaintiff later withdrew that motion, ostensibly because a "system error . . . caused incorrect information to be included in the motion," (dkt. #26), then refiled it on October 28, 2020 (dkt. #27). According to Trans Union, Vallejo "originally filed the Motion on October 2[3], 2020, falsely stating that [he]

#45.)

As to his remaining claim against Trans Union, a consumer reporting agency, plaintiff alleges generally that it is reporting inaccurate information as to his credit status. Specifically, plaintiff claims that his student loan account with GLESLI was "brought current" June of 2016, and now has a $0 balance, but Trans Union is continuing to report the "Pay Status" of the "Account" as "120 Days Past Due Date." According to plaintiff, it is "impossible" for an account with a $0 balance to have a late pay status.

OPINION

"For the convenience of parties and witnesses [or] in the interest of justice," a district court may "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Moreover, as illogical as it may seem, a "plaintiff, as well as a defendant, may move for transfer of venue under § 1404(a)." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). In part, as the Supreme Court has explained, this is because the purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26 (1960)). To this end, district courts are vested with broad discretion to adjudicate transfer motions according to an "individualized, case-by-base consideration of convenience and fairness." *Stewart Org., Inc.*

---

was a resident of Pennsylvania" (dkt. #23), but "when made aware of the misstatement by Trans Union's counsel, [Vallejo] withdrew the document and re-filed the instant Motion, conspicuously removing any reference to [his] residence." (Def.'s Opp'n (dkt. #37) 3.)

*v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). Defendant Trans Unions does not dispute that plaintiff *could* have originally filed this lawsuit in the Eastern District of Pennsylvania, but disputes that a transfer to that district would now be convenient or fair.

As to the convenience prong, the court agrees with plaintiff that transfer to the Eastern District of Pennsylvania may be significantly more convenient. Neither Vallejo nor Trans Union are located in the Western District of Wisconsin, and GLESLI -- the one party that was based in Wisconsin -- has now been dismissed from this case. Additionally, there is compelling evidence that various witnesses and records are located in Pennsylvania. Indeed, plaintiff has produced copies of defendant Trans Union's initial disclosures in five other, related cases[3] listing as possible witnesses itself and various of its employees, all with addresses in Crum Lynne, Pennsylvania. (Dkts. #31-1 through 31-5.) Further, Trans Union represents in each of these cases that its relevant documents are all located at its Consumer Operations Department in Crum Lynne, Pennsylvania. (*Id.*) Moreover, nowhere in these disclosures does Trans Union indicate that *any* witnesses or records are in Wisconsin (or even in the Midwest). (*Id.*) In fairness, Trans Union has produced a declaration from a Daniel Halvorsen, stating that: Trans Union "conducts business with consumers and businesses in Wisconsin"; its "consumer reporting database is located in Chicago, Illinois"; and Trans Union representatives "who would likely be potential

---

[3] All of these cases involve allegations that Trans Union inaccurately reported a late "pay status" on an account with a $0 balance. *See* Compl., *Korich v. Trans Union, LLC*, 20-cv-2991 (D. Colo. Oct. 5, 2020), ECF No. 1; Compl., *Bostick v. Trans Union, LLC*, 20-cv-1953 (N.D. Tex. July 23, 2020), ECF No. 1-1; Compl., *Hernandez v. Equifax Inc.*, 19-cv-1987 (N.D. Fla. July 5, 2019) ECF No.1; *Hall v. TransUnion, Inc.*, 19-cv-296 (E.D. Tex. April 18, 2019), ECF No. 1; Compl., *Dodson v. TransUnion, Inc.*, 19-cv-295 (E.D. Tex. April 18, 2019), ECF No. 1.

witnesses in this case reside in Illinois." (Halvorsen Decl. (dkt. #37-1) 1-2.) However, these assertions are all exceedingly general and vague, and do *not* establish that venue in *Wisconsin* is convenient.

Even more persuasive, from the court's research is the fact that in addition to the five cases disclosed by plaintiff, there appear to be numerous pending cases in the Eastern District of Pennsylvania involving similar allegations of a $0 balance account being erroneously reported by Trans Union as having a late "pay status." *See, e.g.*, Compl., *Smith v. Trans Union, LLC*, 20-cv-04903 (E.D. Pa. July 1, 2020), ECF No. 1 (transferred in from Western District of Pennsylvania); Compl., *Barrow v. Trans Union LLC*, 20-cv-3628 (E.D. Pa. July 24, 2020), ECF No. 1; Am. Compl., *Middleton v. Trans Union LLC*, 20-cv-3756 (E.D. Pa. Nov. 2, 2020), ECF No. 15; Am. Compl., *Shieler v. Trans Union, LLC*, 20-cv-4649 (E.D. Pa. Feb. 9, 2021), ECF No. 31; Compl., *Scott v. Trans Union LLC*, 20-cv-5224 (E.D. Pa. Oct. 20, 2020), ECF No. 1. In contrast, there no longer appear to be any other cases pending against Trans Union in this district.[4] Finally, in some related cases, Trans Union *itself* has moved to transfer to the Eastern District of Pennsylvania. *See* Def.'s Mot. to Transfer, *Dodson v. TransUnion Inc.*, 19-cv-295 (E.D. Tex. July 13, 2019), ECF No. 20; Def.'s Mot. to Transfer, *Hall v. TransUnion Inc.*, 19-cv-296 (E.D. Tex. July 13, 2019), ECF No. 29.[5]

---

[4] A similar case had been pending before Judge Peterson, but it has since been dismissed by stipulation. *See* Stip. of Dismissal, *Santana v. Trans Union, LLC*, 20-cv-588 (W.D. Wis. Jan. 28, 2021), ECF No. 45. While Judge Peterson denied a similar motion to transfer filed by plaintiff in that case (*id.*, ECF No. 39), at the time of his ruling, Trans Union and plaintiff had already reached a settlement, and GLELSI at the time remained a party based in Wisconsin. As a result, that case involved significantly different circumstances and outcomes compared to the present one.

[5] Both cases were dismissed by stipulation before the court ruled on the transfer motions.

4

To be fair, the second, "interest of justice" component of the § 1404(a) analysis arguably weighs at least partly in favor of defendant, both because plaintiff himself initially chose this form and the case had been pending here for four months before plaintiff moved for a transfer. In addition, defendant's motion for judgment on the pleadings was filed *before* plaintiff's transfer motion and is now fully briefed in this court. Still, the case remains in early stages, and there is a risk of inconsistent verdicts if this case is not transferred. Additionally, given that Trans Union itself has requested transfer to the Eastern District of Pennsylvania in similar cases, overall transfer appears to be fair to both parties.[6]

## ORDER

IT IS ORDERED that:

1) Plaintiff William Vallejo's motion to transfer to the Eastern District of Pennsylvania (dkt. #27) is GRANTED.

2) The clerk of court is directed to transfer this case to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

Entered this 7th day of July, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[6] Defendant also suggests that plaintiff may have waived his opportunity to bring this motion because he chose the venue himself. However, although a party may waive its ability to object to venue as *improper*, a § 1404(a) motion to transfer to a more convenient forum may be filed at any time. *See Johnson v. United Airlines, Inc.*, No. 12 C 5842, 2013 WL 323404, at *3 (N.D. Ill. Jan. 25, 2013); Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3844 (4th ed.). And anyway defendant's suggested rule would conflict with the proposition that a plaintiff, who presumably chose the initial forum, may move for transfer of venue under § 1404(a). *See Coffey*, 796 F.2d at 219.